# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBO LEVY,<br><br>                              Plaintiff,<br>vs.<br><br>JPMORGAN CHASE,<br><br>                              Defendant. | CASE NO. 10CV1615-MMA (WMc)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On August 3, 2010, Plaintiff Jacobo Levy, proceeding *pro se*, filed the instant complaint seeking to enjoin the foreclosure of his home located at 2840-2842 Washington Street, Lemon Grove, CA 91945. (Doc. No. 1.) In addition to the filing of his complaint, Plaintiff has also submitted to the Court a petition for a temporary restraining order ("TRO"). Plaintiff seeks to enjoin the foreclosure proceeding on the subject property, which is set to be conducted on August 9, 2010.

Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a TRO without notice to the adverse party only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." FED. R. CIV. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1)(B). Moreover, it is this Court's practice to hear motions for temporary restraining orders *ex parte* only "in extraordinary circumstances." *Anello Civil Chamber Rule No. II.*

As a preliminary matter, Plaintiff has not satisfied the notice requirements set forth in Rule 65(b)(1)(B). Here, Plaintiff does not provide any facts to demonstrate the efforts he has made to give

1  notice to the adverse party. Instead, Plaintiff asserts that because he will suffer immediate and
2  irreparable injury, the Court should enter an injunction without notice to Defendant. While Plaintiff's
3  home is set to be sold via foreclosure sale on August 9, 2010, Plaintiff has not demonstrated to the
4  Court's satisfaction why Plaintiff has not attempted to give notice to Defendants or explained why
5  notice cannot be given within the next six days. Although the rules imposed are stringent, these
6  restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action
7  taken before reasonable notice and an opportunity to be heard has been granted both sides of a
8  dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39
9  (1974). Because Plaintiff has not identified to the Court's satisfaction the basis for asking the Court
10 to forego notice to Defendant prior to granting injunctive relief, the Plaintiff's motion for a TRO is
11 **DENIED**.

12 **IT IS SO ORDERED**.

13 DATED: August 3, 2010

15 Hon. Michael M. Anello
   United States District Judge